**United States Bankruptcy Court**
**Northern District of Illinois**

In re   Slack & Company, LLC                                    Case No.   19-36512
                                    Debtor(s)                   Chapter    7

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 20,000.00 |
   | Prior to the filing of this statement I have received for this case | $ 20,000.00[1] |
   | Balance Due | $ None |

2. The source of the compensation paid to me was:

   ☐ Debtor    ☒ Other (specify): See footnote 1 below.

3. The source of compensation to be paid to me is:

   ☐ Debtor    ☐ Other (specify): N/A

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service solely as follows:
   a. To provide legal advice with respect to the Debtor's rights, duties and obligations as a debtor in a chapter 7 bankruptcy case;
   b. To assist the Debtor in the preparation of a bankruptcy petition, schedules, statement of financial affairs and other ordinary and customary documents relating a chapter 7 case; and
   c. To represent the Debtor at the first meeting of creditors conducted by the trustee.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

   Representation in any such matters not specifically included in and/or specifically excluded from the engagement letter executed December 29, 2019 further described below.

---

[1] The Debtor initially retained Adelman & Gettleman, Ltd. ("A&G") on or about March 8, 2018 generally in connection with the Debtor's financial affairs and counseling in connection with its insolvency alternatives. A&G ceased providing legal services and the initial engagement terminated on or about August 31, 2018. On or about December 10, 2019, the Debtor again retained A&G with respect to its financial condition and, on December 11, 2019, A&G received an advance payment retainer of $20,000 from the Ni Slack Family Revocable Trust, dated May 15, 2016. On December 24, 2019, A&G received a flat fee $20,000 advance payment retainer from Samuel Quinn Slack for all services rendered or to be rendered in connection with a chapter 7 case. The Debtor executed a separate chapter 7 engagement letter with A&G, a copy of which is attached hereto.

In re   Slack & Company, LLC                             Case No.  19-36512
                        Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  January 10, 2020

/s/ Steven B. Chaiken
Steven B. Chaiken, Esq. ARDC #6272045
Adelman & Gettleman, Ltd.
53 W. Jackson Blvd., Suite 1050
Chicago, IL 60604
312-435-1050   Fax: 312-435-1059



# ADELMAN & GETTLEMAN LTD

53 W. Jackson Boulevard  I  Suite 1050  I  Chicago, Illinois 60604  I  312-435-1050  I  Fax 312-435-1059
www.ag-ltd.com

STEVEN B. CHAIKEN
sbc@ag-ltd.com

December 23, 2019

**PERSONAL AND CONFIDENTIAL**
**SUBJECT TO ATTORNEY/CLIENT PRIVILEGE**

**VIA EMAIL**: gary.slack@icloud.com

Slack & Company, LLC
233 N. Michigan Ave., Suite 3050
Chicago, IL 60601
Attn: Mr. Gary Slack, Chairman

    Re:    Retention of Adelman & Gettleman, Ltd.

Dear Gary:

    This letter will confirm and finalize the arrangement under which our firm will act as insolvency/bankruptcy counsel to Slack & Company, LLC, a Delaware limited liability company (the "Company"), in connection with the filing of a chapter 7 bankruptcy case for the Company ("Chapter 7 Case"), and shall be effective as of the date of execution hereof (the "Effective Date"). As the Company is aware, we have been representing the Company regarding its financial condition pursuant to our engagement letter dated December 10, 2019 (the "Dec. 10 Engagement Letter"). The Company understands and agrees that all services rendered from and after the Effective Date are included as part of the Retained Services (as hereinafter defined) under this agreement.



**BANKRUPTCY PROCESS**



1059150_1

ADELMAN & GETTLEMAN LTD

Page | 2
Slack & Company, LLC
Attn: Gary Slack, Chairman
December 23, 2019



**RETAINED SERVICES:**

The payment of the "Chapter 7 Prepayment" (defined below) shall be in full satisfaction of the following services (the "Retained Services"):

1. To provide legal advice to and representation of the Company with respect to the obligations of the Company as a debtor in a voluntary Chapter 7 bankruptcy case;

2. To assist the Company in preparing or amending, if applicable and as the case may be, the bankruptcy schedules and statement of financial affairs and other ordinary and customary documents relating to the Chapter 7 Case;

3. To represent the Company at the meeting of creditors and any continued meetings conducted by the Chapter 7 trustee; and

4. To assist the Company in addressing any information requests by the Chapter 7 trustee.

Upon further written direction and authorization of the Company's manager, we will take the necessary steps to prepare and file a Chapter 7 Case for the Company and will represent the Company in the Chapter 7 Case with a view towards the successful conclusion thereof. We will not file a Chapter 7 Case for the Company without the manager's written authorization.

Our firm concentrates in bankruptcy, commercial reorganization, insolvency, and commercial litigation. We encourage the Company to view our website at www.ag-ltd.com. We are pleased to have our lawyers listed in Naifeh and Smith's "The Best Lawyers in America," Woodward/White; "America's Leading Lawyers for Business" by Chambers and Partners; Illinois Super Lawyers; and Illinois Leading Lawyers Network. Our website will describe the scope of our services and our experience. The February 2019 issue of *Chicago Magazine* also highlights many of the attorneys at our firm, who are rated by our peers as some of the best lawyers in Illinois.

**EXCLUDED BANKRUPTCY RELATED SERVICES SUBJECT TO FURTHER ENGAGEMENT**

The Chapter 7 Prepayment does *not* encompass representation of the Company in any of the following matters: (a) any and all matters regarding tax-related issues; (b) efforts to negotiate a purchase of the Chapter 7 trustee's interest in and to any of the Company's assets; (c) an

1059150_1

**ADELMAN & GETTLEMAN LTD**

Page | 3
Slack & Company, LLC
Attn: Gary Slack, Chairman
December 23, 2019

examination requested by a creditor under Bankruptcy Rule 2004, which allows creditors to seek relevant documents and take the deposition of a debtor regarding the assets, liabilities and financial affairs of the debtor; and (d) any and all other matters not expressly part of item numbers 1 through 4 listed above (collectively, the "Chapter 7 Excluded Services"). In the event that the need for any of the Chapter 7 Excluded Services arises, we will require additional prepayment(s) in amounts to be mutually agreed upon and fully paid as a condition to performing further work. By signing this agreement, you are acknowledging that you understand that if the Company is unable to reach an agreement with us concerning prepayments for Chapter 7 Excluded Services, the Company will retain different counsel from our firm for all such matters.

## EXCLUDED AREAS OF CONCENTRATION

We endeavor to provide high quality legal services and to aggressively protect and/or assert the rights of our clients. We do not, however, render advice on tax, securities, criminal, trusts and estates, international trade, the laws of foreign countries, legal or accounting malpractice, labor, intellectual property or environmental law, and other areas outside of our fields of concentration (the "Excluded Areas of Concentration"). Moreover, if representatives of the Company believe that the Company has any issues in the Excluded Areas of Concentration, we strongly recommend the Company consult with attorneys who concentrate in those respective areas before the Company agrees to any settlement, as the passage of time often adversely affects one's legal rights.

## EXCLUDED SERVICES

The Company understands we are being engaged pursuant to this letter as counsel to the Company only, and that neither our engagement herein, nor the Retained Services, extend to any other person or entity.

## ACCEPTANCE OF PROFESSIONAL RESPONSIBILITY LIMITED TO THE RETAINED SERVICES

Subject to the terms and conditions of this letter, we agree to act as counsel to the Company with respect to the Retained Services, and to consult with the appropriate representatives, consult other parties and witnesses, make such investigations and review such documents as we deem necessary, and take other steps consistent with the Company's best interests. In light of the prepayment of legal services as provided herein, throughout the period of our engagement we shall not accept employment to render legal advice or assistance to any person or entity having interests directly adverse to the Company, and will refrain from accepting legal work that will interfere with our ability to provide legal services. The Company agrees that we have accepted professional responsibility for the Retained Services only and no other matters. Any expansion of the scope of our retention shall be effective only upon the execution of an amended engagement letter specifying the scope of any additional professional responsibility.

1059150_1

**ADELMAN & GETTLEMAN LTD**

Page | 4
Slack & Company, LLC
Attn: Gary Slack, Chairman
December 23, 2019

### COUNSEL IN WRITING

Because of the complex nature of legal matters, we will endeavor to counsel the Company in writing on material legal matters affecting the Company. You understand that interpretation of laws is often difficult, especially in the case of recently enacted laws which may not have been interpreted by rules, regulations or court decisions. In addition, some laws, court decisions or regulatory determinations are susceptible to more than one interpretation and there may be no binding precedent. Accordingly, although we will exercise due diligence and care in attempting to apply applicable laws, you acknowledge we may be unable to be conclusive as to the impact of such laws. We are also required to rely on facts provided by you, management and other representatives of the Company, the Company's accountants and consultants, and other attorneys representing the Company, which may be inaccurate or incomplete.

### CORPORATIONS AND LLCS DO NOT RECEIVE A DISCHARGE IN BANKRUPTCY IN CHAPTER 7



### ATTORNEYS' FEES AND ADVANCE PAYMENT RETAINER

In connection with our representation, we are to receive an "advance payment retainer" in the amount of $20,000.00 (the "Chapter 7 Prepayment") upon the signing of this letter. As discussed above, the Chapter 7 Prepayment shall be in full satisfaction of the Retained Services in the event a Chapter 7 bankruptcy case is authorized by the Company on or before January 17, 2020 (the "Filing Date"). The filing fee for a Chapter 7 bankruptcy, which is $335.00, shall be covered under the Chapter 7 Prepayment.

In the event a Chapter 7 bankruptcy case is not authorized on or before the Filing Date, we will send the Company monthly invoices for services rendered, applying the Chapter 7 Prepayment and requesting payment on any outstanding amounts due. In such event, we are to receive $525.00 an hour for the time expended by Messrs. Adelman, Gettleman or Merens, $455.00 an hour for Mr. Silverman, $425.00 an hour for Messrs. Chaiken and Buck, $325.00 an hour for Mr. Brougham, $315.00 an hour for Mr. Dwayne, and $135.00 an hour for research clerks and paralegals. These rates are the same as those contained in the Dec. 10 Engagement Letter. The

1059150_1

**ADELMAN & GETTLEMAN LTD**

Page | 5
Slack & Company, LLC
Attn: Gary Slack, Chairman
December 23, 2019

Company agrees to reimburse us for all disbursements made on the Company's behalf, such as filing fees, computer research fees, conference call telephone charges, copying and messenger service. All invoices shall be due seven (7) days after the date of our invoices (the "Due Date").

### ABSOLUTE TRANSFER OF PREPAYMENT

The Chapter 7 Prepayment will be treated as an absolute transfer to us, is income to us upon receipt, and will not be held in a client trust account, but rather, will be deposited into our firm's regular operating or general business account. In the event the attorney/client relationship is terminated as provided herein, a right of refund will then arise which will entitle the Company to a refund of the Chapter 7 Prepayment to the extent it is not earned by us or required for expenses we incur.

### ADVANCE PAYMENT RETAINER

Please note that under Illinois law, there is another type of retainer paid to attorneys referred to as a "security retainer" under which the retainer is held by the attorney in a separate trust account and remains the property of the Company until the attorney applies it to charges for services that are actually rendered. Under Illinois law, the Company has the option to treat the Chapter 7 Prepayment as a "security retainer"; however, please be advised that we are unwilling to represent the Company unless the prepayment is treated as an "advance payment retainer" as described above. One of the reasons that we prefer to treat the prepayment as an "advance payment retainer" rather than as a "security retainer" is that under Illinois law and in applicable circumstances, a "security retainer" may remain subject to the claims of creditors, while an "advance payment retainer" cannot be reached by creditors. Accordingly, we believe that treating the Chapter 7 Prepayment as an "advance payment retainer" will afford both the Company and us with greater assurance that we will be compensated and that the Company will have legal services to the extent of the Chapter 7 Prepayment, and subject to the terms of this letter. Accordingly, by executing this letter, the Company agrees that the Chapter 7 Prepayment and any additional prepayments shall be treated as an "advance payment retainer" as described above, and not as a "security retainer."

### INDUCEMENT TO ACCEPT PROFESSIONAL RESPONSIBILITY AND RIGHT TO TERMINATE ATTORNEY/CLIENT RELATIONSHIP

The Company acknowledges that the above financial arrangements have been agreed upon to induce us to act as the Company's attorneys. In the event that our fees remain unpaid for five (5) business days following the Due Date, we will be entitled to withdraw as the Company's attorneys. By accepting this arrangement, the Company will be deemed to have consented in advance to allowing us to withdraw as its attorneys in the event of nonpayment, and expressly waives the attorney/client privilege concerning relevant portions of this letter so as to permit us to withdraw as the Company's attorneys. All parties to this agreement shall have the right to terminate the attorney/client relationship provided herein for any reason in their sole discretion upon five (5) business days' prior written notice.

1059150_1

ADELMAN & GETTLEMAN LTD

Page | 6
Slack & Company, LLC
Attn: Gary Slack, Chairman
December 23, 2019

### AUTHORITY

The Company authorizes us to give to, and receive from, the Company's other counsel, tax return preparers, and consultants, confidential information regarding the affairs of the Company.

### CHOICE OF LAW

The Company acknowledges and agrees that in light of our firm's location in Chicago, Illinois and our attorneys' licensure to practice in the State of Illinois: (a) our engagement hereunder shall be governed by and construed in accordance with the laws of the State of Illinois as to interpretation, enforcement, validity, construction and effect, without regard to the choice of law or conflict of law principles thereof; and (b) the professional standards applicable to the conduct of our firm in its representation of the Company shall be determined by the Illinois Rules of Professional Conduct without giving effect to any choice of law principles which would otherwise require the application of the professional standards of a different state.

### NON-RELIANCE BY COMPANIES ON EXCLUDED PROFESSIONAL SERVICES

This document contains our entire agreement pertaining to our retention by the Company. Other than the Dec. 10 Engagement Letter and our prior engagement letter dated March 8, 2018, there were no prior agreements between the parties. We have made no representations, guaranties or promises regarding the disposition of any phase of the Company's matters.

If this arrangement is satisfactory to the Company, please indicate the acceptance and understanding of the Company by signing and returning a copy of this letter as soon as possible.

If the Company has any questions or if I may be of further assistance, please feel free to contact me.

Sincerely,

*Steven Chaiken*

Steven B. Chaiken

THE ABOVE IS FULLY UNDERSTOOD, APPROVED AND AGREED TO AS OF THIS 23rd DAY OF DECEMBER, 2019.

SLACK & COMPANY, LLC,
a Delaware limited liability company

By: _____    12/29/19
Its Authorized Representative

1059150_1